

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

March 27, 1939

Hon. T. M. Trimble
First Assistant State Superintendent
State Department of Education
Austin, Texas

Dear Mr. Trimble:

Opinion No. O-485
Re: Reversion of property con-
veyed to and to be held by
a school district so long as
used for school purposes

This will acknowledge receipt of your letter
of March 8, 1939, requesting an opinion of this De-
partment, and from which I quote as follows:

"The deed to the land, upon which the
building of the Milford Independent School
District is located, contains a clause stating
that, 'should the property cease to be used
for school purposes then this deed shall be-
come void and the title to the same revert
to * * * and his heirs.'

"The school trustees now plan to raze
the present building and construct a new
building on a site some distance from the
present site and to use the site of the pre-
sent building as a supplementary playground.
It is planned to construct a night softball
field on the present site and to retain the
tennis courts and volleyball courts that are
now on this site. The school will cease to
use the land as a building site, but will
continue to use it as a part of the physical
education system.



"The question is, will the title revert to the original owner and heirs, because of the clause quoted above from the deed, when the school moves from the building to go to the new site?"

By the terms of the deed, the land would be automatically forfeited upon its ceasing to be used for school purposes. Instruments containing such conditions are strictly construed against the grantor. 12 Tex. Jur. 154; Maddox v. Adair (Civ. App.) 66 S. W. 811 (Writ of Error denied), 95 Tex. 682.

The term "school purposes" includes the recreation of the pupils attending school as is seen by the following quotation from the case of St. Edwards College b. Tax Collector, 1891, 82 Tex. 1.

"The construction to be placed on the word 'buildings' was considered in Cassiano v. Ursuline Academy, 64 Texas, 676, and in Red v. Morris, 72 Texas, 554. These were cases in which exemption of city property was claimed on the ground that it was used exclusively and owned by persons or associations of persons for school purposes; and it was held that the word 'buildings' would include the lots on which they stood, the whole being used for school purposes, which embraced the recreation of pupils attending school."

Just what recreation for pupils is included in the term "school purposes" is indicated by the case of Peoples ex rel Pearsall County Collector v. Catholic Bishop of Chicago, 311 Ill. 11, 142 N. E. 520, in which the court held that a 385 acre tract used by a school for boating, swimming, skating, and some of which had been beautified with drives, walks and other improvements, and of which only a small part was used for buildings, was exempt from taxes under a state statute providing that all property used exclusively for school purposes should be exempt from taxes.

An opinion in a case of this kind depends entirely upon all the facts and circumstances surrounding the execution of the deed and the use made of the land. We could not give an entirely accurate opinion without the benefit of all of such facts, which could only be brought out upon a trial or upon thorough investigation

preparatory for trial. However, based upon the bare facts quoted from your letter, it is the opinion of this Department that the use of the land for a supplementary playground, a night softball field, tennis courts, and volley ball courts, all in connection with the school system, would be embraced within the term "school purposes" as used in the deed, and that the property would not revert so long as such use was made.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By James Noel
Assistant

JN:BT

APPROVED:

FIRST ASSISTANT ATTORNEY GENERAL